UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald Brown, | ) C/A No. 4:15-4586-PMD-TER |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Mr. Reginald Walthour, Correctional Officer, | ) |
| Ms. Kiko Wilson, Correctional Officer, | ) |
| Ms. Francine Bachman, Disciplinary Hearing Officer, | ) |
| Defendants. | ) |

The plaintiff, Reginald Brown, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action in forma pauperis under 28 U.S.C. § 1915. The complaint names various SCDC employees as defendants. Plaintiff alleges that he was improperly convicted within SCDC of a disciplinary violation. Plaintiff seeks injunctive relief. The complaint should be dismissed for failure to state a claim on which relief may be granted.

**Pro Se Review pursuant to the Prison Litigation Reform Act (PLRA)**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc ); Todd v.

1

Baskerville, 712 F.2d 70 (4th Cir.1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir.1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

   This court is required to liberally construe pro se documents, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

## Background

In late June of 2015, an incident report was filed regarding a bag of what appeared to be tobacco and a green leafy substance being thrown out of a cell by an inmate. See Doc. 1-1 at p. 1. As a result, Plaintiff was charged and convicted of use/possession of narcotics after a disciplinary hearing. See Complaint at 3, Doc. 1-1 at 2. Plaintiff apparently lost certain privileges related to the canteen, visitation, telephone and television use, and he was placed on disciplinary detention. See http://public.doc.state.sc.us/scdc-public/ (Inmate locator function and inmate search detail report.).[1]

It appears that Plaintiff appealed his conviction to the Warden who determined that the appeal was without merit. See Doc. 1-1 at 2-3. Plaintiff alleges that he argued on appeal that the

---

[1] The Court takes judicial notice of the records contained on the South Carolina Dpeartment of Corrections website. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue);

disciplinary proceedings had procedural and technical errors and thus he was wrongfully convicted. Id. Plaintiff believes that his disciplinary conviction should have been vacated or reversed due to the alleged procedural and technical errors, i.e. Plaintiff believes that there was inadequate evidence to identify him as as the inmate who threw out the contraband.

Plaintiff requests the following relief: that the disciplinary charges upon which Plaintiff has been convicted be overturned and removed from his institutional record; that the named defendants be terminated from SCDC; and that the disciplinary hearing tape, as well as, additional witnesses be presented to this Court. (Compl. at p. 6)

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Liberally construed, Plaintiff may be attempting to claim that his constitutional due process rights were violated during the disciplinary process. Plaintiff alleges that his disciplinary convictions were flawed by certain technical and procedural errors as noted above. It also appears that Plaintiff

believes that he was wrongfully convicted because the DHO wrongfully determined the facts in favor of the officers' version when Plaintiff believes that the DHO should have found the facts in favor of Plaintiff's version.

It is well settled that a prisoner has some due process rights during a prison disciplinary proceeding but that the full panoply of rights due a defendant in a criminal prosecution does not apply. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). See also Bryan v. SCDC, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632 at ----5-6 (D.S.C. Sept.29, 2009) (listing the due process rights required by Wolff ); Hall v. Cty. of Carolina Dep't of Corr., 2010 WL 610757, at *5 (D.S.C. Feb. 19, 2010)(dismissing case where Plaintiff alleged that he was improperly convicted within SCDC of a disciplinary violation and sought injunctive relief). For example, inmates are entitled to advance written notice of the claimed violation and a written statement concerning the evidence, but inmates are not entitled to confront witnesses against them nor guaranteed the right to retained or appointed counsel. See Brown v. Braxton, 373 F.3d 501, 504 (4th Cir.2004). In the case sub judice, Plaintiff's alleged technical and procedural errors do not seem to rise to the level of a due process right protected under Wolff. For instance, Plaintiff does not indicate that he was not on notice of the date of the incident and of the alleged facts against him. See also Dozier v. Warden, 3: 08-3371-PMD-JRM, 2009 WL 2929432 (D.S.C. Sept.8, 2009) (finding that a disciplinary hearing officer did not violate the inmate's due process rights by incorporating by reference an incident report in the disciplinary report rather than rewriting it). Plaintiff had a disciplinary hearing where he indicates he was able to have witnesses called (and called no less than five witnesses as indicated in his Complaint), and had the opportunity to question them. Further, the fact that the DHO believed facts presented by officers over Plaintiff's version of the facts does not

state a claim for a <u>Wolff</u> due process violation. Thus, based on Plaintiff's alleged facts Plaintiff has failed to state a cognizable constitutional due process claim.[2]

Finally, the Court notes that this federal court cannot "terminate" the defendants as requested by plaintiff in his claim for relief. See <u>Maxton v. Johnson</u>, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), citing <u>United States v. White County Bridge Commission</u>, 275 F.2d 529, 535 (7th Cir. 1960).[3]

---

[2]The Court notes that as a result of these convictions, Plaintiff lost his canteen, television, telephone and visitation privileges for a period of time and was placed on disciplinary detention for 72 days. See http://public.doc.state.sc.us/scdc-public/. None of the referenced sanctions affect the duration of Plaintiff's confinement.

The Court notes that the Fifth Circuit has held that sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir.1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. <u>See id</u>. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. See <u>Malchi</u>, 211 F.3d at 958; <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir.1995).

[3]Although Plaintiff apparently does not seek restoration of good time credits or money damages in this action, Plaintiff impliedly requests a declaration that his due process rights were violated during the disciplinary proceeding and he seems to argue that the DHO wrongfully believed the officers' version of the facts. Plaintiff requests to have his disciplinary conviction overturned. Pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), an inmate's claim for declaratory relief that necessarily implies the invalidity of the disciplinary conviction and punishment is not cognizable pursuant to § 1983 where the disciplinary conviction has not been invalidated. See <u>Edward s v. Balisok</u>, 520 U.S. 641, 648-49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); <u>Bryan v. SCDC</u>, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632 at *5 (D.S.C. Sept.29, 2009) (noting that a plaintiff cannot maintain a § 1983 action for injunctive relief related to a disciplinary hearing where a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding). Therefore, the Court notes that Plaintiff would be unable to bringing this § 1983 claim at this time because it is barred by the holdings in <u>Heck</u> and <u>Edwards</u>.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

|  |  |
|---|---|
| December 30, 2015<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

The plaintiff's attention is directed to the Notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).